UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STEVEN J. SANTANA,

               Petitioner,

v.                                      9:14-CV-0206
                                         (TJM/RFT)

D. HUDSON,
UNITED STATES OF AMERICA,

               Respondents.

---

APPEARANCES:                        OF COUNSEL:

STEVEN J. SANTANA
63596-054
Petitioner, pro se
FCI Ray Brook
P.O. Box 900
Ray Brook, NY 12977

THOMAS J. MCAVOY
Senior United States District Judge

## DECISION and ORDER

### I.   INTRODUCTION

Petitioner Steven J. Santana has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a supporting memorandum of law. Dkt. No. 1, "Motion Requesting For Relief Under Section 2241" ("Pet."); Dkt. No. 1-1, "Petitioner's Brief on the Violations of His Constitutional Rights and Due Process of Law" ("Brief"). Petitioner is confined at the Federal Correctional Institution located in Ray Brook, New York, and has paid the filing fee. For the reasons that follow, this action is transferred to the United States Court of Appeals for the Third Circuit.

## II.     RELEVANT BACKGROUND

On April 5, 2012, petitioner was sentenced in the United States District Court for the Eastern District of Pennsylvania to serve an aggregate term of 240 months in prison, followed by an aggregate term of eight years supervised release, for his convictions for distributing cocaine base in violation of 21 U.S.C. §841 (a)(1), (b)(1)(C), and other related charges. *United States v. Santana*, No. 5:10-CR-0367, Dkt. No. 340, Minute Entry; Dkt. No. 346, Judgment in a Criminal Case.

On March 26, 2013, petitioner filed his first motion to vacate his sentence pursuant to 28 U.S.C. § 2255, in which he argued that (1) the "inappropriate crack law" was applied on counts 12 and 13 of the indictment, and the "statutory maximum was exceeded on counts 24-26;" and (2) statutory provisions were not complied with during sentencing. *Santana*, No. 5:10-CR-0367, Dkt. No. 383, Motion Under U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, at 1-4.  On April 11, 2013, petitioner filed an amended section 2255 motion raising the same grounds for relief. *Id.* at Dkt. No. 385.  The motion was denied on June 13, 2013. *Id.* at Dkt. No. 401, Order, Davis, J.  On September 13, 2013, petitioner attempted to amend his section 2255 motion, and on September 18, 2013, the motion was denied as moot because the court already denied his section 2255 motion. *Id.* at Dkt. No. 411, Motion Requesting Permission to Amend Pending 28 U.S.C. §2255; Dkt. No. 413, Order, Davis., J.

On January 27, 2014, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Pennsylvania. *Santana v. United States*, No. 2:14-CV-0636, Dkt. No. 1, Petition ("Pet.").  In papers dated

January 30, 2014, petitioner moved to withdraw his petition because he was "waiting for a ruling to occur by [the] Supreme Court," he was working on additional arguments to raise in his petition, and he did not want to "abuse [the] petition under section 2241." Dkt. No. 2, Motion Requesting to Withdraw Pending Petition Under Section 2241 ("Motion"). In an Order dated February 6, 2014, the district court transferred the petition to this court because petitioner is confined at the Federal Correctional Institution ("FCI") at Ray Brook, located in this district. *Id.* at Dkt. No. 3, Order, Davis, J.

On February 11, 2014, petitioner filed a second motion in this court to withdraw his section 2241 petition or, in the alternative, to amend it. *Santana v. United States*, No. 9:14-CV-0138 (DNH), Dkt. No. 5, Motion Requesting to Withdraw Pending Motion Under Section 2241 Without Prejudice or Option to Amend. In an order dated February 18, 2014, petitioner's motion to withdraw his petition was granted. *Id.* at Dkt. No. 6, Order, Hurd, J.

This action followed.

### III. THE PETITION AND BRIEF

In his current petition, petitioner states that he has "recently discovered" that his Constitutional and Due Process rights were violated, and that he was "arrested and detained on charges that have no "lawful enacting clause and are unpromulgated in the Federal Register (FR)[.]" Pet. at 1. He claims that as a result, the indictment against him charged no crime. *Id.* Petitioner further asserts that he moved to amend his first section 2255 motion to include "all the new grounds" he wanted to raise, but that his motion was denied because his section 2255 motion "had already been ruled on." *Id.* Petitioner alleges he was not given proper notice that his section 2255 motion had been denied. *Id.*

3

Petitioner also claims that he "could not have effectively raise[d]" the claims in his petition and brief at an earlier time, his claims do not meet the necessary "gate keeping requirements," and section 2255 is inadequate and ineffective to test the legality of his detention. Pet. at 1-2. He states that he is actually innocent, and that there is "new evidence" making it more likely than not that no reasonable juror would have convicted him. *Id.* at 2.

In his accompanying brief, petitioner raises the following arguments: the "United States" is a "distinct geograghical [sic] and political body" different from "the United States of America;" the United States Attorney "knowingly and intentionally" omitted the "United States" from the caption of the indictment, thereby denying petitioner the "right to proper joinder with the named injured entity for just adjudication . . . in violation of Due process;" the statutory provisions under which he was convicted "apply only to the Acts of Congress, which are applicable only in the District of [Columbia];" United States District Courts "are legislative Courts only" and possess "no Article III judicial power;" the statutes under which he was convicted "do not have any implementing regulations, and do not have 'general applicability and legal effect' to and within the sovereign States;" he is being unlawfully detained in violation of his due process rights; the indictment was defective; the district court exceeded its authority and lacked jurisdiction; the grand jury was inadequate; the "government was selective by going outside of its jurisdiction to prosecute" him; the statutory provisions under which he was convicted "are unpromulgated in the Federal Register (FR), possess no published implementing authorities in the Code of Federal Regulations (CFR)" and were never enacted into law; the "'United States' does not own the land on which the alleged violation(s) took place;" and the "government and the United States District Judge did not

4

disclose the true nature and venue of the charges" against him. Dkt. No. 1-1, Brief at 2-63. For a complete statement of petitioner's claims, reference is made to the petition and brief.

## IV. DISCUSSION

A federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255. 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997). Section 2255 is the proper mechanism for prisoners to attack the imposition of a sentence. *Adams*, 372 F.3d at 134; *McQueen v. Shult*, No. 9:08-CV-903 (GLS/GHL), 2008 WL 4757356 at *2 (N.D.N.Y. Oct. 28, 2008). A motion pursuant to section 2255 must be brought in the sentencing court. *See Boumediene v. Bush*, 553 U.S. 723, 774-75 (2008) (section 2255 directed claims challenging a federal sentence on the ground that it was imposed in violation of the Constitution or laws of the United States "not to the court that had territorial jurisdiction over the place of the petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case."); *Williams v. Winn*, No. 4:05-CV-40100, 2005 WL 1541099 at *1 (D. Mass. Jun. 30, 2005) (since "Section 2255 is the correct vehicle for challenging the legality of a sentence . . . this Court is without jurisdiction under section 2241 to correct petitioner's sentence.").

By contrast, section 2241 is the proper vehicle to challenge the execution of a sentence. *Adams*, 372 F.3d at 135; 28 U.S.C. § 2241. For example, a petitioner may use a section 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *Guerra v. United States*, No. 9:07-CV-346 (FJS), 2007 WL 1176027 at *1 (N.D.N.Y. Apr. 19, 2007). Petitions

5

filed under section 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a) (2006); *Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

In rare circumstances, a federal prisoner may challenge the validity of his conviction under section 2241 if he can show that the remedy under section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255 (e); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997). The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted). In this Circuit, section 2255 is "inadequate or ineffective" only when the failure to allow collateral review would raise serious constitutional questions because the prisoner "(1) can prove actual innocence on the existing record, and (2) could not have effectively raised [his] claim[s] of innocence at an earlier time." *Cephas*, 328 F.3d at 104 (internal quotation marks omitted) (quoting *Triestman*, 124 F.3d at 363); see *Adams*, 372 F.3d at 135 (the remedy under section 2255 is "*not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition.") (emphasis in original); *Triestman*, 124 F.3d at 376 ("If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' ... then Congress would have accomplished nothing at all in its attempts-through statutes like the AEDPA-to place limits on federal collateral

6

review.").

As petitioner acknowledges, he is challenging the legality of his underlying conviction and detention. Pet. at 1-2. Therefore, this action should have been brought pursuant to section 2255. Because petitioner has had a previous section 2255 motion denied on the merits, this petition is second or successive.[1] When a petitioner files a section 2241 petition

> in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits ... the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the appropriate Court of Appeals] for certification or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction.

*Adams*, 372 F.3d at 136 (internal citations omitted).

Here, petitioner may not test the validity of his detention pursuant to section 2241. He attempts to bring all of his claims under the cloak of "actual innocence" and "newly discovered evidence." Pet at 1-2. Petitioner's claims are not, however, based on "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence " which makes it "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Doe v. Menefee*, 391 F.3d 147, 161-62 (2d Cir. 2004) (quoting *Schlup v. Delo*, 513 U.S. 298, 324,

---

[1] Ordinarily, when a district court recharacterizes a pro se petitioner's filing "as a **first** § 2255 motion[,]" the court must "notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003) (emphasis added). The notice requirements do not apply to federal prisoners, like petitioner, who had one or more prior section 2255 motions dismissed on the merits because petitioner is already subject to the gate keeping provisions that require certification from the appropriate court of appeals before any second or successive motion may be considered by the district court. *Adams*, 372 F.3d at 136; *Roccisano v. Menifee*, 293 F.3d 51, 58 (2d Cir. 2002).

7

327 (1995) (internal quotation marks omitted); *see House v. Bell*, 547 U.S. 518, 536-39 (2006). Instead, petitioner attacks the validity of his conviction and detention his detention based upon legal theories and case law that existed at the time of his trial and his first section 2255 motion. Pet. at 1-3; Brief at 2-66; *see Love v. Menifee*, 333 F.3d 69, 73 (2d Cir. 2003) ("'serious constitutional questions' are not raised when AEDPA prevents a prisoner from raising a claim that he or she could have raised on direct review or in an earlier section 2255 motion.") (quoting *Jiminian*, 245 F.3d at 147-48). The fact that petitioner claims he was unaware of these legal theories or case law sooner, and only "recently discovered" them after an "extremely long course of research," Pet. at 1, does not make them "newly discovered evidence." *United States v. Middlemiss*, 217 F.3d 112, 122-23 (2d Cir. 2000); *see Hector v. Greiner*, No. 1:99-CV-7863, 2000 WL 1240010 at *1 (E.D.N.Y. Aug. 29, 2000) ("Evidence in existence at an earlier date, though perhaps unknown to a petitioner, cannot later be described as newly discovered."). Finally, to the extent that petitioner argues the district court dismissed his first section 2255 motion without giving him proper notice, that claim does not render section 2255 inadequate or ineffective. Petitioner could have simply appealed. Fed. R. App. P. 22.

In sum, this court lacks jurisdiction to entertain petitioner's section 2241 petition because he has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention. *Cephas*, 328 F.3d 98; *Triestman*, 124 F.3d at 363, 378;; *Bostic v. Williamson*, No. 1:04-CV-0769, 2004 WL 2271386 at *4 (W.D.N.Y. Sept. 30, 2004) (petitioner "cannot demonstrate that a §2255 motion would be inadequate or ineffective to test the legality of his present detention because the petition does not raise a serious

constitutional question and the issues raised in the instant petition could have been raised-and were raised- . . . earlier[.]"). This court may either dismiss the petition for lack of jurisdiction, or transfer it to the appropriate Court of Appeals - here, the Third Circuit - for a determination regarding whether petitioner should be permitted to bring a successive section 2255 motion in the Eastern District of Pennsylvania, where he was convicted and sentenced. *Adams*, 372 F.3d at 136; *see* 28 U.S.C. §2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals[.]"); *Boumediene*, 553 U.S. at 774-75 (section 2255 motions must be directed to the sentencing court, not to the court that has territorial jurisdiction over the petitioner). In light of petitioner's pro se status, this court will transfer the petition to the Third Circuit.

**V.     CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that the Clerk transfer this action to the United States Court of Appeals for the Third Circuit for a determination pursuant to 28 U.S.C. §2244 and 28 U.S.C. §2255(h) as to whether petitioner should be authorized to file a second or successive motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255 in the Eastern District of Pennsylvania; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:April 3, 2014

_____
Thomas J. McAvoy
Senior, U.S. District Judge